UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23353-CIV-LENARD
MAGISTRATE JUDGE P. A. WHITE

DONNELL QUARTERMAN,             :

    Plaintiff,              :

v.                              :        SUPPLEMENTAL REPORT
                                                    OF MAGISTRATE JUDGE
                                :
WARDEN W. S. CHURCHWELL,
                                :
    Defendants.
_____

    This Cause is before the Court upon the plaintiff's Motion to Vacate Order Adopting Report and Recommendation. [DE# 13].

    The incarcerated <u>pro se</u> plaintiff filed a civil action pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff alleges, <u>inter alia</u>, that prison officials are using GPS satellites and brain scanners to monitor and broadcast his thoughts.

    The plaintiff in this case is a multiple filer, having filed numerous frivolous civil cases, mainly in the United States District Court for the Middle District of Florida. At least three of the cases were dismissed for failure to state a claim for relief prior to service, as described in <u>Quarterman v. Loenzo</u>, Case No. 06-419-CV-LAC, dismissed for "three strikes" on October 3, 2006.

    On January 6, 2009, the Magistrate Judge issued a Report recommending that the Complaint be dismissed pursuant to 28 U.S.C. §1915(g), finding that plaintiff did not show that he was under imminent danger of serious physical injury. [DE# 9]. On February 17, 2009, the Honorable Joan A. Lenard issued an Order adopting

these findings and dismissing this case. [DE# 10].

The plaintiff did not object to the recommendation of the Report; he has filed a motion to vacate the order of dismissal. [DE# 13]. The plaintiff specifically seeks to proceed under <u>Fed.R. Civ. P.</u> 60(b)(4) which provides that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void."[1]  The plaintiff appears to argue that the order of dismissal is void because he was not given an opportunity to file objections to the Report, violating his right to due process.  He claims that he filed a motion for extension of time to file objections, although no such motion was received by the Court. The plaintiff also alleges that he is under imminent danger of serious physical injury:

> [The plaintiff] continue[s] to be expose[d] to imminent danger of serious injuries due to the GPS global satellite effect illegal monitoring, illegal brain scanning a large quantity electric swells elements implants in his body causing serious shocking pain swelling at times pain is unbearable, heat wave to head eye, mouth, ear diminish thinking causing swelling itching bumps abnormal body function scratching skin irritation . . . a 3D audio speaker sound system broadcasting . . . everywhere plaintiff goes exposing his

---

[1] A motion for reconsideration may be brought pursuant to Rule 59(e) or Rule 60(b). <u>See</u> <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (M.D.Fla. 1994) (quoting <u>Lewis v. United States Postal Service</u>, 840 F.2d 712, 713 n. 1 (9 Cir. 1988)). Under which Rule the motion falls "turns on the time at which the motion is served. If the motion is served within ten days of the rendition of the judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." <u>Id.</u> Here, the plaintiff filed his motion for reconsideration [DE# 13] on March 4, 2009, more than ten days of the judgment, so it falls under <u>Fed.R.Civ.P.</u> 60(b). The pleading contains no indication of when the plaintiff gave it to prison officials for mailing.

2

    privacy to staff and inmates . . .

Rule 60, Fed.R.Civ.P., defines the circumstances under which a party may obtain relief from a final judgment. "It should be construed in order to do substantial justice, but this does not mean that final judgments should be lightly reopened." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11 Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments."). For example, Rule 60(b) permits courts to reopen judgments for reasons of mistake, inadvertence, surprise, or excusable neglect. "Motions under this rule are directed to the sound discretion of the district court." Id. Although the plaintiff bases his motion on Rule 60(b)(4), his motion does not appear th fit within this or any of the other four categories for relief set forth in Rule 60(b), and it should be construed it as a motion brought pursuant to Rule 60(b)(6). Often referred to as the catch-all ground, Rule 60(b)(6) provides an avenue for relief for "any other reason justifying relief from the operation of the judgment." In seeking relief pursuant to Rule 60(b)(6), the plaintiff has the burden of showing that absent relief from the judgment, an "extreme" and "unexpected" hardship will result. Id. citing United States v. Swift & Co., 286 U.S. 106, 119 (1932).

The Undersigned finds that the plaintiff has failed to demonstrate that exceptional circumstances warrant granting him relief from the Court's order of dismissal. See Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11 Cir. 2001), quoting Griffin, 722 F.2d at 680 (citations omitted) ("[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."). See also Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11 Cir. 2000), quoting Frederick v.

Kirby Tankships, Inc., 205 F.3d 1277, 1288 (11 Cir. 2000) (stating that "a Rule 60(b)(6) motion, by which a court has discretion to grant a new trial for 'any other reason justifying relief from the operation of the judgment,' is intended 'only for extraordinary circumstances."').

    Here, even if the plaintiff was denied the opportunity to file objections to the Report, dismissal of this case pursuant to §1915(g) was warranted. The plaintiff did not and still has not raised any facts to support a claim that he was under imminent danger at the time the suit was filed. See Medberry v Butler, 185 F.3d 1189 (11 Cir. 1999) (plaintiff must allege imminent danger of serious physical injury at the time of filing the lawsuit). His contention that he is under imminent danger of serious physical injury because corrections officers are using a GPS satellite to monitor his thoughts is obviously so implausible and fantastic as to be patently frivolous. See Gibbs v. Case, 160 F.3d 962, 967 (3 Cir. 1998) ("[A] a district court [need not] accept any and all allegations of injury as sufficient to forestall application of 28 U.S.C. §1915(g). . . . [A] district court [may] discredit[ ] factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'") [citation omitted]; see, e.g., Moore v. Robert, 06-CV-11911, 2006 WL 2925303, at *1 (E.D.Mich. Oct.11, 2006) (allegation that computer microchip had been implanted in brain did not allege imminent danger of serious physical injury); Brooks v. Barrow, 06-CV-0499, 2006 WL 1718337, at *1, n. 2 (M.D.Ala. June 19, 2006) (allegation that prison staff had engaged in the "mass murder" of inmates to "sell body parts" and "torture inmates").

    The case was properly dismissed pursuant to 28 U.S.C. §1915(g)

4

because the plaintiff has not raised credible factual allegations that he was under imminent danger at the time the lawsuit was filed, and he has raised no extraordinary circumstance to justify a reconsideration of the order of dismissal.

It is therefore recommended that the Motion to Vacate [DE# 13] be denied.  It is further recommended that the plaintiff's "Notice of Confinement Treatment and Newly Discovered Evidence" [DE# 11] which has been docketed as a motion but appears to be a supplemental or amended complaint, be dismissed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 11th day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Donnell Quarterman, Pro Se
      No.  174376
      Dade Correctional Institution
      19000 S.W. 377th Street
      Florida City, FL 33034-6499